IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 1:13-cv-07751

KIMBERLY HOLT,

    Plaintiff,

v.

FIRST NATIONAL COLLECTION
BUREAU, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Kimberly Holt ("Plaintiff") is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Chicago.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant First National Collection Bureau, Inc. ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. Prior to October 2012, Defendant began placing calls to Plaintiff's residence in an attempt to collect an alleged consumer debt.

12. Plaintiff sent Defendant written communication dated October 18, 2012 demanding that Defendant cease and desist from placing any and all further calls to Plaintiff. (See October 18, 2012 Correspondence, attached as Exhibit A).

13. Defendant received Plaintiff's October 18, 2012 cease and desist letter on October 29, 2012 at 12:06 P.M.  (See Certified Mail Receipt, attached as Exhibit B).

14. Upon information and good-faith belief, Defendant has the ability to search its system and find a specific telephone number to remove.

2

15. Despite its ability to search and find a specific telephone number to remove in its system, Defendant failed to remove Plaintiff's telephone number in its system after receiving Plaintiff's cease and desist letter.

16. Despite Plaintiff's cease and desist demand, Defendant placed a call to Plaintiff's residence on October 31, 2012 at 12:52 P.M.

17. By placing the above-referenced call, Defendant communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

18. Prior to filing suit, Plaintiff, via her attorneys, Weisberg & Meyers, LLC, sent a draft complaint to Defendant and requested collection notes regarding Plaintiff's telephone number.

19. After multiple requests for copies of Defendant's account notes to resolve Plaintiff's claims, counsel for Defendant advised on October 9, 2013 that he had conveyed Plaintiff's request to Defendant and was awaiting its response.

20. After further attempts by Plaintiff to follow-up for the information requested, both by email and telephone, Plaintiff advised that it would be forced to file this complaint due to the upcoming statute of limitations expiration.

21. Plaintiff again did not receive a response from Defendant with the requested collection notes regarding Plaintiff's telephone number.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692(c)(c)

22. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 21, above.

23. Defendant violated 15 U.S.C. § 1692(c)(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692(c)(c);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

24. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 21, above.

25. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt, by failing to remove Plaintiff's telephone number from its system despite its receipt of Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of October, 2013.

Respectfully submitted,

**KIMBERLY HOLT**

By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
IL Bar No. 6271510
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

By: /s/ David W. Lipschutz
David W. Lipschutz
IL Bar No. 6301849
2551 N. Clark Street, Suite 405
Chicago, IL 60614
(312) 547-9399
lipschutz.law@gmail.com