**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CASE NO. 1:13-cv-07751

KIMBERLY HOLT,

      Plaintiff,

v.

FIRST NATIONAL COLLECTION
BUREAU, INC.; CREDIT MANAGEMENT, LP;
PENN CREDIT CORPORATION; ENHANCED
RECOVERY COMPANY, LLC; and
TJ SERVICES d/b/a CREDIT CONTROL
CORPORATION,

      Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4.     Plaintiff Kimberly Holt ("Plaintiff") is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Chicago.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant First National Collection Bureau, Inc. ("FNCB") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      FNCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant Credit Management, LP ("Credit") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.      Credit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.     Defendant Penn Credit Corporation ("Penn") is a limited liability corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11.     Penn is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.     Defendant Enhanced Recovery Company, LLC ("ERC") is a limited liability corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.     ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14.     Defendant TJ Services, Inc. d/b/a Credit Control Corporation ("TJ Services") is a limited liability corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.     TJ Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS AGAINST FNCB

16.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than FNCB.

17.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than FNCB, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

18.     FNCB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19.     Prior to October 2012, FNCB began placing calls to Plaintiff's residence in an attempt to collect an alleged consumer debt.

20.     Plaintiff sent FNCB written communication dated October 18, 2012 demanding that FNCB cease and desist from placing any and all further calls to Plaintiff.  (See October 18, 2012 Correspondence, attached as Exhibit A).

21.     FNCB received Plaintiff's October 18, 2012 cease and desist letter on October 29, 2012 at 12:06 P.M.  (See Certified Mail Receipt, attached as Exhibit B).

22.     Upon information and good-faith belief, FNCB has the ability to search its system and find a specific telephone number to remove.

23.     Despite its ability to search and find a specific telephone number to remove in its system, FNCB failed to remove Plaintiff's telephone number in its system after receiving Plaintiff's cease and desist letter.

24.     Despite Plaintiff's cease and desist demand, FNCB placed a call to Plaintiff's residence on October 31, 2012 at 12:52 P.M.

25.     By placing the above-referenced call, FNCB communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

26.     Prior to filing suit, Plaintiff, via her attorneys, Weisberg & Meyers, LLC, sent a draft complaint to FNCB and requested collection notes regarding Plaintiff's telephone number.

27.     After multiple requests for copies of FNCB's account notes to resolve Plaintiff's claims, counsel for FNCB advised on October 9, 2013 that he had conveyed Plaintiff's request to FNCB and was awaiting its response.

28.     After further attempts by Plaintiff to follow-up for the information requested, both by email and telephone, Plaintiff advised that it would be forced to file this complaint due to the upcoming statute of limitations expiration.

29.     Plaintiff again did not receive a response from FNCB with the requested collection notes regarding Plaintiff's telephone number.

## FACTUAL ALLEGATIONS AGAINST CREDIT

30.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Credit.

31.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Credit, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

32. Credit uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another

33. Prior to April 29, 2013, Credit began placing calls to Plaintiff, in connection with the collection of an alleged consumer debt.

34. Plaintiff sent Credit written communication dated April 29, 2013 demanding that Credit cease and desist from placing any and all further calls to Plaintiff. (See April 29, 2013 Correspondence, attached as Exhibit C).

35. In response, Credit sent Plaintiff written correspondence dated May 7, 2013, that requested information from Plaintiff. (See May 7, 2013 Correspondence, attached as Exhibit D).

36. Despite receipt of Plaintiff's cease and desist demand, Credit placed calls to Plaintiff, including, but not limited to, the following dates and times:

- May 9, 2013 at 7:59 P.M.;
- May 10, 2013 at 12:04 P.M.;
- July 26, 2013 at 1:31 P.M.;
- July 27, 2013 at 1:06 P.M.;
- July 28, 2013 at 11:44 A.M.;
- July 30, 2013 at 8:39 P.M.;
- July 31, 2013 at 10:38 A.M.;
- August 1, 2013 at 8:59 A.M.;
- August 2, 2013 at 4:52 P.M.;
- August 3, 2013 at 1:35 P.M.;
- August 4, 2013 at 2:14 P.M.;
- August 6, 2013 at 8:05 A.M.;
- August 7, 2013 at 1:23 P.M.;
- August 8, 2013 at 8:24 A.M.;
- August 26, 2013 at 8:28 P.M.;
- August 31, 2013 at 9:06 A.M.;
- September 1, 2013 at 12:26 P.M.;
- September 2, 2013 at 5:13 P.M.;
- September 3, 2013 at 8:02 P.M.;
- September 7, 2013 at 1:47 P.M.;
- September 8, 2013 at 1:17 P.M.;

- September 9, 2013 at 7:13 P.M.;
- September 13, 2013 at 8:16 P.M.;
- September 14, 2013 at 1:31 P.M.; and
- September 15, 2013 at 1:35 P.M.

37.     Upon information and good-faith belief, Credit has the ability to search its system and find a specific telephone number to remove.

38.     Despite its ability to search and find a specific telephone number to remove in its system, Credit failed to remove Plaintiff's telephone number in its system after receiving Plaintiff's cease and desist letter.

39.     By placing the above-referenced call, Credit communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

## FACTUAL ALLEGATIONS AGAINST PENN

40.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Penn.

41.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Penn, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

42.     Penn uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

43.     Prior to September 4, 2013, Penn began placing calls to Plaintiff's residence, in connection with the collection of an alleged consumer debt.

44.     Plaintiff sent Penn written communication dated September 4, 2013 demanding that Penn cease and desist from placing any and all further calls to Plaintiff.  (See September 4, 2013 Correspondence, attached as Exhibit E).

45.     Penn received Plaintiff's September 4, 2014 cease and desist letter on September 9, 2013 at 2:09 P.M.  (See Certified Mail Receipt, attached as Exhibit F).

46.     Upon information and good-faith belief, Penn has the ability to search its system and find a specific telephone number to remove.

47.     Despite its ability to search and find a specific telephone number to remove in its system, Penn failed to remove Plaintiff's telephone number in its system after receiving Plaintiff's cease and desist letter.

48.     Despite Plaintiff's cease and desist demand, Penn placed a call to Plaintiff's residence on September 10, 2013 at 8:25 P.M. and September 11, 2013 at 3:06 P.M.

49.     By placing the above-referenced call, Penn communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

## FACTUAL ALLEGATIONS AGAINST ERC

50.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than ERC.

51.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than ERC, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

52.     ERC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

53.     Prior to January 2010, ERC began placing calls to Plaintiff's residence for "Alfred Jones."

54.     Plaintiff's mother, Vivian Holt, sent ERC written communication dated January 22, 2010, that stated in relevant part:

> I am writing to put you on notice that Alfred Jones doesn't live at our residence and to make you further aware that I do not wish to be further contacted by you or your agency, or anyone who may represent you.
>
> So, to be clear, do not write and do not call my residence ever again.

(See January 22, 2010 Cease and Desist Letter, attached as Exhibit G).

55.     Vivian Holt's letter specifically requested that ERC not call Plaintiff's residence, (773) 374-2536.

56.     Upon information and good-faith belief, ERC received Plaintiff's January 22, 2010 cease and desist letter on or about January 29, 2010.

57.     Despite Vivian Holt's cease and desist demand, ERC again began placing calls to Plaintiff in or about November 2012.

58.     Despite Vivian Holt's cease and desist demand, ERC placed calls to Plaintiff's residence, including, but not limited to, the following dates and times:

- November 12, 2012 at 4:25 P.M.;
- November 16, 2012 at 10:13 A.M.;
- November 17, 2012 at 10:39 A.M.;
- November 19, 2012 at 2:48 P.M.;
- November 26, 2012 at 9:36 A.M.;
- November 27, 2012 at 4:05 P.M.;

- November 28, 2012 at 10:16 A.M.;
- November 28, 2012 at 4:25 P.M.;
- November 29, 2012 at 10:25 A.M.;
- December 3, 2012 at 12:47 P.M.;
- December 13, 2012 at 9:48 A.M.;
- December 26, 2012 at 3:13 P.M.; and
- February 2, 2013 at 11:33 A.M.

59. Despite having received a letter from Vivian Holt with a request to cease and desist all collection contacts, ERC communicated with Plaintiff by placing the above-referenced calls to Plaintiff's residence.

60. ERC placed the above-referenced calls with the intent to harass Plaintiff by continuing to call Plaintiff's residence, despite Vivian Holt's written cease and desist demand.

## FACTUAL ALLEGATIONS AGAINST TJ SERVICES

61. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than TJ Services.

62. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than TJ Services, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

63. TJ Services uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

64. Prior to September 4, 2013, TJ Services began placing calls to Plaintiff's residence, in connection with the collection of an alleged consumer debt.

65.     Plaintiff sent TJ Services written communication dated September 4, 2013 demanding that Penn cease and desist from placing any and all further calls to Plaintiff.  (See September 4, 2013 Correspondence, attached as Exhibit H).

66.     TJ Services received Plaintiff's September 4, 2014 cease and desist letter on September 9, 2013 at 3:23 P.M.  (See Certified Mail Receipt, attached as Exhibit I).

67.     Upon information and good-faith belief, TJ Services has the ability to search its system and find a specific telephone number to remove.

68.     Despite its ability to search and find a specific telephone number to remove in its system, TJ Services failed to remove Plaintiff's telephone number in its system after receiving Plaintiff's cease and desist letter.

69.     Despite Plaintiff's cease and desist demand, TJ Services placed a call to Plaintiff's residence on September 11, 2013 at 3:26 P.M.; September 12, 2013 at 6:32 P.M.; and October 1, 2013 at 11:48 A.M.

70.     By placing the above-referenced calls, TJ Services communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(c)(c)
## FNCB

71.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 29, above.

72.     FNCB violated 15 U.S.C. § 1692(c)(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FNCB violated 15 U.S.C. § 1692(c)(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d
## FNCB

73.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 29, above.

74.     FNCB violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt, by failing to remove Plaintiff's telephone number from its system despite its receipt of Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FNCB violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(c)
## CREDIT

75.  Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 30 through 39, above.

76.  Credit violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Credit violated 15 U.S.C. § 1692c(c);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d
## CREDIT

77.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 30 through 39, above.

78.     Credit violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt, by failing to remove Plaintiff's telephone number from its system despite its receipt of Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Credit violated 15 U.S.C. § 1692d;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692c(c)
## PENN

79.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 40 through 49, above.

80.     Penn violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Penn violated 15 U.S.C. § 1692c(c);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692d
### PENN

81.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 40 through 49, above.

82.     Penn violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt, by failing to remove Plaintiff's telephone number from its system despite its receipt of Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Penn violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692(c)(c)**
**ERC**

83.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 50 through 60, above.

84.     ERC violated 15 U.S.C. § 1692(c)(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ERC violated 15 U.S.C. § 1692(c)(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATION OF 15 U.S.C. § 1692d**
**ERC**

85.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 50 through 60, above.

86.    ERC violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ERC violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF 15 U.S.C. § 1692(c)(c)**
**TJ SERVICES**

87.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 61 through 70, above.

88.     TJ Services violated 15 U.S.C. § 1692(c)(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that TJ Services violated 15 U.S.C. § 1692(c)(c);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF 15 U.S.C. § 1692d**
**TJ SERVICES**

89.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 15, and 61 through 70, above.

90.     TJ Services violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection

of an alleged debt, by failing to remove Plaintiff's telephone number from its system despite its receipt of Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that TJ Services violated 15 U.S.C. § 1692d;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

91.  Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of November, 2013.

Respectfully submitted,

**KIMBERLY HOLT**

By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
IL Bar No. 6271510
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

By: <u>/s/ David W. Lipschutz</u>
David W. Lipschutz
IL Bar No. 6301849
2551 N. Clark Street, Suite 405
Chicago, IL 60614
(312) 547-9399
lipschutz.law@gmail.com